# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Garrison Property and Casualty Insurance Company, | C/A. No. 2:22-3531-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Danielle Jenkins, Randia Neville, and Jaquan Archie, | |
| Defendants. | |

Before the Court is Plaintiff's motion for summary judgment (Dkt. No. 19). For the reasons set forth below, the Court grants Plaintiff's motion.

## I.    Background

This is a declaratory judgment action related to an underlying action captioned *Danielle Jenkins v. Randia Neville and Jaquan Archie*, No. 2021-CP-22-00455, pending in the Court of Common Pleas, Georgetown County, South Carolina (the "Underlying Action"). Plaintiff Garrison Property and Casualty Insurance Company ("Insurer") seeks a declaration that two policies it issued do not provide coverage for the Underlying Action.

This matter arises out of a shooting that occurred at Sampit Park on June 28, 2018. As put succinctly put by Insurer, "a group of people [] gathered in the park for a fight and sometime during or after the fight gunshots were fired." Defendant Danielle Jenkins "was struck by a bullet while in her car attempting to exit the park. Jenkins filed a complaint [the Underlying Action] alleging that firearms were negligently and/or recklessly discharged from a vehicle driven by" Defendant Randia Neville, in which Defendant Jaquan Archie was a passenger. (Dkt. No. 19-1 at 1-3); *see*

*also* (Dkt. No. 22 at 4) (arguing that "there are some alleged factual disputes between the parties" but failing to articulate said disputes and failing to provide, anywhere in opposition, Defendants' own telling of any relevant facts). Written discovery and depositions have been completed in the Underlying Action. (Dkt. No. 19-1 at 2).

At the time of the shooting assault, Insurer had issued an automobile policy to Jenkins providing uninsured, underinsured, and personal injury protection coverage subject to certain limitations and exclusions. (the "Jenkins Policy"). Insurer also issued an automobile insurance policy on the car driven by Neville, which was owned by Lotresa Jones, providing bodily injury liability coverage subject to certain limitations and exclusions. (the "Jones Policy"). (*Id.* at 2).

Insurer now moves for summary judgment on the basis that neither policy provides coverage for the Underlying Action. (Dkt. Nos. 19, 23). Defendants oppose. (Dkt. No. 22).

Insurer's motion for summary judgment is fully briefed and ripe for disposition.

## II.     Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific

facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### III.    Discussion

Automobile liability policies issued in South Carolina must contain "a provision insuring the persons defined as insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of these motor vehicles . . . ." S.C. Code Ann. § 38-77-140.

The Jones Policy provides payment of "damages for BI [bodily injury] or PD [property damage] for which any covered person becomes legally liable **because of an auto accident**[,]" and further provides that there is "no duty to defend any suit or settle any claim for BI or PD not covered under this policy." (Dkt. No. 1 at 4-5) (emphasis added).

The Jenkins Policy uninsured insuring agreement states that Insurer will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a "covered person and **caused by** an auto accident" and property damage to the property of a covered person. (*Id.* at 5) (emphasis added). The Jenkins Policy further states that the "owner's or operator's liability for these damages **must arise out of the ownership, maintenance or use** of the uninsured motor vehicle." (*Id.*) (emphasis added).

The Jenkins Policy underinsured insuring agreement states Insurer will "pay [for bodily injury sustained by a covered person and property damage to your covered auto] which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle

3

**because of an auto accident**." (*Id.*) (emphasis added). The policy further states that the "owner's or operator's liability for these damages **must arise out of the ownership, maintenance or use of the underinsured motor vehicle**." (*Id.*) (emphasis added).

To recover under an automobile insurance policy, the insured's damages must "aris[e] out of the ownership, maintenance, or use" of the uninsured motor vehicle. S.C. Code Ann. § 38-77-140. A three-prong test is used to determine whether an insured meets that requirement: (1) the party seeking coverage must establish a causal connection between the injury and the uninsured vehicle, (2) there is no act of independent significance which breaks the chain of causation, and (3) the uninsured vehicle must have been used for transportation at the time. *State Farm Fire & Casualty Company v. Aytes*, 332 S.C. 30, 33 (1998). "No distinction is made as to whether the injury resulted from a negligent, reckless, or intentional act." *Home Insurance Company v. Towe*, 314 S.C. 105, 107 (1994) (abrogated on other grounds).

Under the first prong, the insured must also show three subparts: "a) the vehicle was an 'active accessory' to the assault; and b) something less than proximate cause but more than mere site of the injury; and c) that the 'injury must be foreseeably identifiable with the normal use of the automobile.'" *State Farm Mut. Auto. Ins. Co. v. Bookert*, 337 S.C. 291, 293 (1999) (citing *Aytes*, 332 S.C. at 745-46).

On September 21, 2022, the South Carolina Supreme Court decided *Progressive Direct Ins. Co. v. Groves*, —S.E.2d—, 2022 WL 4361910, at *5 (S.C. 2022) and held without qualification that "gunshot injuries do not arise out of the use of an automobile." *Groves* abrogated *Wausau Underwriters Insurance Company v. Howser*, 309 S.C. 269, 422 S.E.2d 106 (1992) (answering certified question and finding insured's injuries arose out of operation of motor vehicle where unknown assailant pulled up next to victim's car and fired a gunshot as she attempted to

flee, explaining that assailant was only able to carry out shooting by using vehicle to "closely pursue" Howser) and *Home Insurance Company v. Towe*, 314 S.C. 105, 441 S.E.2d 825 (1994) (holding a tractor driver's injuries were casually connected to the perpetrator's vehicle where a passenger attempted to throw a bottle at a street sign, instead striking tractor's vehicle and severely injuring him because the "use of the automobile placed Alexander in the position to throw the bottle at the sign and the vehicle's speed contributed to the velocity of the bottle increasing the seriousness of McClaskey's injuries"), noting neither incorporated "the foreseeability component subsequently adopted" by the Supreme Court in *Aytes*, 332 S.C. at 33, and *Bookert*, 337 S.C. at 293 (determining injuries suffered from a gunshot involving a vehicle were not foreseeably identifiable with the normal use of a vehicle thereby precluding coverage).

Insurer argues that *Groves*'s holding requires granting summary judgment to Insurer. (Dkt. No. 19-1 at 6-7). Defendants do not dispute that *Groves* generally dictates as much. *See* (Dkt. No. 22 at 2, 4-5). Instead, Defendants argue that *Groves* is not "final" because a petition for rehearing is pending before the South Carolina Supreme Court and conclude it therefore "cannot be used as a precedent to overturn the Supreme Court of South Carolina's previous rulings." *See* (Dkt. No. 22 at 3) (citing *Progressive Southeastern Ins. Co. v. McLeod*, 489 F. App'x 669, 671 (4th Cir. 2012) ("While sitting in diversity, the federal courts are not bound by the precedent of intermediate appellate courts, but must adjudicate legal questions consistent with the precedent of the state's highest court and, if no such precedent exists, predict how the state's highest court would rule if presented with the issue")).

The Court finds no impediment to deciding the instant action despite the pending motion for rehearing in *Groves*. Defendants do not specify which relevant or analogous cases, if any, they believe *Groves* overturned. In fact, Defendants ask that this Court *apply Aytes* and the "three-

5

prong test the Court established" thereunder to decide the instant matter, (Dkt. No. 22 at 3), the very thing the *Groves* itself did, (Dkt. No. 23 at 1) (agreeing the Court should apply *Aytes* because, as Insurer correctly notes, "*Groves* is an *explanation and clarification* of the *Aytes/Bookert* test") (emphasis added); *Groves*, 2022 WL 4361910, at *3-4 (citing *Aytes* for its three-prong test and noting that though "the court in *Aytes* did not specifically overrule *Howser* and *Towe*, in retrospect we believe it was a game-changer" and observing that since *Aytes* was decided in 1998, "there has been no appellate decision allowing coverage where injuries arose from a gunshot wound").

Accordingly, the Court applies *Aytes/Bookert* to the facts before it.

The Court finds that Insurer is entitled to summary judgment because the Policies at issue do not provide coverage for the Underlying Action. Namely, even if Defendants could satisfy the first prong of *Aytes*, they could not satisfy its second prong because the "act of firing a weapon into another vehicle constitutes an act of independent significance" precluding coverage. *Groves*, 2022 WL 4361910, at *4.[1] "Driving a vehicle and discharging a firearm at persons in another vehicle are acts of independent significance." *Olson v. Slattery*, 942 N.W.2d 263, 269 (S.D. 2020). Further, "[t]he shooter's use of a vehicle to position himself to harm another 'ignores his deliberate act of pointing a loaded shotgun out his window and firing it into the passenger window[.]'" *Id.* (internal citation omitted). Overall, "[s]hooting from a vehicle at other persons is not an act inextricably linked to the use of a vehicle." *Id.*; *see also Wright v. N. Area Taxi, Inc.*, 337 S.C. 419, 427, 523 S.E.2d 472, 476 (Ct. App. 1999) ("[T]he assault of the gunmen broke any causal connection between the vehicle and Rogers' injury because it arose from an act of

---

[1] It bears noting that Defendants do not attempt to apply *Aytes* to the facts here nor explain why, under *Aytes*, the Policies provide coverage for the Underlying Action. *See generally* (Dkt. No. 22). This is likely because, since *Aytes*, "there has been no appellate decision allowing coverage where injuries arose from a gunshot wound." *Groves*, 2022 WL 4361910, at *3-4.

independent significance."). Consequently, Defendants cannot establish that Jenkins's injuries arose out of the use of Jones's motor vehicle—a position consistent with courts across the country. *See* 7 Am. Jur. 2d Automobile Ins. § 171 ("[C]ircumstances in which one intentionally shoots another from a vehicle have generally not been deemed to have arisen from the ownership, maintenance, or use of the vehicle for purposes of automobile liability insurance coverage ...."); *Groves*, 2022 WL 4361910, at *3-4 (noting that since *Aytes*, "there has been no appellate decision allowing coverage where injuries arose from a gunshot wound").

### IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for summary judgment (Dkt. No. 19). The Clerk is directed to enter judgment for Plaintiff and close this case.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 11, 2023
Charleston, South Carolina